IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED A. CLARK, PH.D., et al.,

       Plaintiffs,

  v.

AMAZON.COM, et al.,

       Defendants.
_____/

No.  CIV.S-05-2187 GEB DAD PS

ORDER

      This matter came before the court on March 31, 2006, for a further status (pretrial scheduling) conference and a hearing on the motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants Amazon.com, Amazon.fr, Amazon.co.uk and Waldenbooks.com.  Plaintiff Fred A. Clark, proceeding pro se, appeared on his own behalf and on behalf of

/////

/////

/////

1

plaintiff Clarco Enterprises.[1]  Vanessa Power appeared on behalf of the moving defendants.  There was no appearance on behalf of the other defendants identified in the caption of plaintiffs' complaint, Abebooks.com and Half.com.

**MOTION TO DISMISS**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  See Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003), cert. denied 543 U.S. 1050 (2005); North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable

---

[1] The named plaintiffs are "Fred A. Clark, Ph.D." and "Clarco Enterprises."  Dr. Clark has indicated that Clarco Enterprises is a sole proprietorship and that he and Clarco Enterprises are one and the same.  There appears to be no rule prohibiting Clarco Enterprises from being represented by Dr. Clark, who is a non-lawyer and its sole shareholder.  Cf. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself.")(citations omitted).

2

to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs' pro se complaint is very brief.  In relevant part, it alleges that "Defendants, through their registered corporate domain internet web sites have been willfully selling without the Plaintiff's permission" a writing[2] which is "copyrighted by the Plaintiffs."  The complaint goes on to allege that defendants have violated 17 U.S.C. § 501, which generally concerns copyright infringement, and prays for statutory damages.  However, even liberally construing the complaint, and after hearing from the parties, the court is unable to discern the precise conduct of which plaintiffs complain.  More specifically, plaintiffs have failed to allege specific facts supporting the elements of a cause of action for direct copyright infringement, contributory copyright

---

[2] The writing is titled "Teenage Street Gangs: Differences, Membership & Intervention," which apparently is a book plaintiffs self-published in limited numbers.  At the hearing on the pending motion Dr. Clark explained that some official copies of the books were given away to friends, family, colleagues and the like at no charge and others were sold directly to readers by Clarco Enterprises.

3

infringement, vicarious copyright infringement, or any other cause of action. See Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987) (setting forth elements of copyright infringement); A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1019-24 (9th Cir. 2001) (discussing contributory and vicarious copyright infringement); see also Hendrickson v. Amazon.com, Inc., 298 F. Supp. 2d 914 (C.D. Cal. 2003)(granting summary judgment in Amazon's favor on plaintiff's claims for both direct and vicarious infringement).

The court recognizes that copyright claims need not be pled with particularity. Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001). However, even under the liberal system of notice pleading, defendants are entitled to fair notice of the allegations against them. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). Because the complaint does not give defendants fair notice of what plaintiffs' claim is and the grounds upon which it rests, dismissal is required.[3]

Nonetheless, the court will grant plaintiffs leave to file an amended complaint. If plaintiffs choose to amend the complaint,

---

[3] Although Dr. Clark explained at the hearing on this motion what he was attempting to allege in his complaint, the court does not wish this matter to proceed based upon the court's interpretation of the complaint as informed by Dr. Clark's comments. Were the court to do so, there is the risk that the brief and vague allegations of the complaint may be misinterpreted thereby limiting the scope of the intended action. The safer course, for both the court and the parties is to dismiss with leave to amend so that the allegations of plaintiffs' amended complaint can speak for themselves.

4

1 they must set forth the grounds upon which the court's jurisdiction
2 depends.  Moreover, the amended complaint must include clear and
3 concise factual allegations describing the events which underlie
4 plaintiffs' claim(s).  In particular, plaintiffs should include
5 allegations clarifying whether their claim is that certain defendants
6 themselves offered plaintiffs' book for sale or whether defendants
7 were simply internet service providers which provided the venue for
8 independent third-party sellers to actually sell the books in
9 question.  It also is suggested that plaintiffs clarify whether their
10 claim is that the writings sold were infringing copies of the book
11 (e.g., photocopied versions or some other unauthorized reproductions
12 of the book) or simply used copies of the original books which
13 plaintiffs self-published and distributed.

14       In addition, plaintiffs are informed that the court cannot
15 refer to a prior pleading in order to make plaintiffs' amended
16 complaint complete.  Local Rule 15-220 requires that an amended
17 complaint be complete in itself without reference to any prior
18 pleading.  This is because, as a general rule, an amended complaint
19 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57
20 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the
21 initial complaint no longer serves any function in the case.
22 Therefore, in an amended complaint, as in an original complaint, each
23 claim and the involvement of each defendant must be sufficiently
24 alleged.  Any amended pleading which fails to provide the necessary
25 factual allegations will likely be dismissed.
26 /////

5

1  Plaintiffs are forewarned that the failure to file an
2 amended complaint which complies with this order will result in a
3 recommendation that this action be dismissed.

### STATUS (PRETRIAL SCHEDULING) CONFERENCE

As noted above, there was no appearance at the status conference on behalf of Half.com.  However, plaintiffs have requested that Half.com be dismissed from this action.  That request will be granted.

There also was no appearance on behalf of Abebooks.com. Plaintiffs claim to have effectuated service of process upon Abebooks.com by delivering a copy of the summons and complaint on an individual named Thomas C. Bayer.  Mr. Bayer is not a defendant in this action and is not mentioned in the allegations of the complaint. Rather, plaintiffs appear to be under the impression that Mr. Bayer is the owner of Abebooks.com and therefore an appropriate person to serve on behalf of that business entity.  However, correspondence to the court directly from Mr. Bayer, which is on file, sufficiently establishes that Mr. Bayer is an independent bookseller who works out of his home in Hillsdale, Michigan.  (Doc. nos. 6 & 21.)  Mr. Bayer does not appear to be the owner of or an officer of Abebooks.com, which is a private company based in Victoria, British Columbia, Canada and one of the world's largest online marketplaces for books. Therefore, the service of process upon Mr. Bayer on behalf of Abebooks.com will be quashed.  However, in light of the circumstances, and because plaintiffs are being granted the
/////

opportunity to file an amended complaint, plaintiffs will be given an additional opportunity to serve process on Abebooks.com.

**CONCLUSION**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. The pending motion to dismiss is granted as to all defendants;[4]

2. Plaintiffs' complaint is dismissed;

3. Plaintiffs are granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint, if any, must bear the docket number assigned this case and must be labeled "Amended Complaint". Plaintiffs must file an original and two copies of the amended complaint;

4. Within twenty (20) days from the filing of their amended complaint, plaintiffs shall complete service of process by

---

[4] The court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made without notice where the plaintiff cannot possible win relief."). The court's authority in this regard includes sua sponte dismissal as to both defendants who have not been served and those who have not yet answered or appeared. See Ricotta v. State of California, 4 F. Supp. 2d 961, 978 (S.D. Cal. 1998); Bach v. Mason, 190 F.R.D. 567, 571 & n.7 (D. Idaho 1999)(Garcia, J.). Here, all of the named defendants are similarly situated to the moving defendants with respect to plaintiffs' complaint. Accordingly, dismissal as to all named defendants is appropriate at this time.

1  delivering a proper summons and copy of the amended complaint upon
2  Abebooks.com in a manner that comports with Federal Rule of Civil
3  Procedure 4.  Plaintiffs also shall provide Abebooks.com with a copy
4  of this order;

5      5.  Pursuant to plaintiffs' voluntary request, defendant
6  Half.com is dismissed from this action.  <u>See</u> Fed. R. Civ. P.
7  41(a)(1)(i);

8      6.  A further status (pretrial scheduling) conference is
9  **SET** for **June 30, 2006,** at **11:00 a.m.**  Any party may arrange
10 telephonic appearance by contacting Pete Buzo at (916) 930-4128; and

11     7.  The Clerk of the Court is directed to serve a copy of
12 this order on Thomas C. Bayer, 85 Reading Avenue, Hillsdale, Michigan
13 49242-1941.

14 DATED: April 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\clark2187.oah.033106

8