IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED A. CLARK, PH.D., et al.,

        Plaintiffs,

   v.

AMAZON.COM, et al.,

        Defendants.

_____/

No. CIV.S-05-2187 GEB DAD PS

FINDINGS AND RECOMMENDATIONS

       Plaintiff, proceeding pro se, initiated this copyright infringement action by paying the appropriate filing fee and filing his complaint on October 31, 2005.  On September 18, 2006, plaintiff filed an ex parte application for a temporary restraining order.  For the reasons set forth below, the undersigned will recommend that plaintiff's application be denied.

       Plaintiff's request for injunctive relief fails to comply with the provisions of Local Rule 65-231.  Specifically, L.R. 65-231(c)(4)-(7) requires that the party seeking a temporary restraining

1

1  order provide an affidavit in support of the existence of irreparable
2  injury; an affidavit detailing the notice or efforts to effect notice
3  to the affected parties or counsel; a proposed temporary restraining
4  order with a provision for a bond; and a proposed order for any
5  hearing on a motion for preliminary injunction.  Plaintiff has failed
6  to file with the court any of the above.

7  Beyond these deficiencies, plaintiff has failed to make a
8  showing entitling him to the requested relief.  The legal principles
9  applicable to a request for injunctive relief are well established.
10 To prevail, the moving party must show either a likelihood of success
11 on the merits and the possibility of irreparable injury, or that
12 serious questions are raised and the balance of hardships tips
13 sharply in the movant's favor.  See Coalition for Economic Equity v.
14 Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v.
15 Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two
16 formulations represent two points on a sliding scale with the focal
17 point being the degree of irreparable injury shown.  Oakland Tribune,
18 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must
19 demonstrate that there exists a significant threat of irreparable
20 injury."  Id.  In the absence of a significant showing of possible
21 irreparable harm, the court need not reach the issue of likelihood of
22 success on the merits.  Id.

23 Here, plaintiff seeks an order "restraining Amazon from
24 selling Clark's copyrighted book titled Teenage Street Gangs:
25 Differences, Membership & Intervention ('Teenage Street Gangs')."
26 (Ex Parte App. at 1.)  The application asserts that defendant's web

2

1  site continues to "list and sell Clark's copyright work.  Clark, as
2  well as all others similarly situated, are entitled to immediate
3  injunctive relief to protect their copyrighted works and the revenue
4  that comes from the sale of these works."  (Ex Parte App. at 2.)
5  However, aside from these conclusory assertions, plaintiff has not
6  demonstrated by affidavit that immediate and irreparable injury,
7  loss, or damage will result if the requested relief is not granted.
8  See Fed. R. Civ. P. 65(b)(1).  Plaintiff initiated this action almost
9  one year ago.  His delay in seeking the requested injunctive relief
10 contradicts his current allegation of threatened irreparable harm for
11 which emergency relief is required.  Moreover, plaintiff's amended
12 complaint seeks only compensatory and punitive damages.  This too
13 weighs against a claim of irreparable injury.  See Cotter v. Desert
14 Palace, Inc., 880 F.2d 1142, 1145 (9th Cir. 1989) ("[i]njuries
15 compensable in monetary damages are 'not normally considered
16 irreparable.'")(quoting Los Angeles Memorial Coliseum Com. v.
17 National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980)).
18         Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's ex
19 parte application for temporary restraining order be denied.
20         These findings and recommendations are submitted to the
21 United States District Judge assigned to the case, pursuant to the
22 provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being
23 served with these findings and recommendations, any party may file
24 written objections with the court.  Such a document should be
25 captioned "Objections to Magistrate Judge's Findings and
26 Recommendations."  The parties are advised that failure to file

1 objections within the specified time may waive the right to appeal
2 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th
3 Cir. 1991).
4 DATED: September 25, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\clark2187.f&r.tro

4