1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED A. CLARK, et al.,

11          Plaintiffs,                    No. CIV S-05-2187 GEB DAD PS

12      v.

13   AMAZON.COM, et al.,                   FINDINGS AND RECOMMENDATIONS

14          Defendants.

15   _____/

16          This matter came before the court on April 20, 2007, for hearing on the parties'

17   cross-motions for summary judgment.  Fred A. Clark, proceeding pro se, appeared on his own

18   behalf and on behalf of his sole proprietorship, Clarco Enterprises.  Vanessa Soriano Power, Esq.

19   appeared telephonically for the four defendants.  The parties' motions were taken under

20   submission.

21          Upon consideration of the parties' arguments in open court and all written

22   materials submitted in connection with the parties' motions, the undersigned recommends that

23   plaintiffs' motion be denied and defendants' motion be granted.

24                      PROCEDURAL HISTORY

25          Plaintiffs commenced this action on October 31, 2005, by filing a complaint

26   alleging copyright infringement by six defendants.  Plaintiffs alleged that the defendants were

1

1 selling, without plaintiffs' permission and in violation of 17 U.S.C. § 501, copies of plaintiff

2 Clark's copyrighted book <u>Teenage Street Gangs:  Differences, Membership & Intervention</u>.

3 Plaintiffs sought damages in the amount of $150,000 pursuant to 17 U.S.C. § 504.

4       Plaintiffs filed a notice of voluntary dismissal as to defendant Half.com and failed

5 to effect proper service on defendant Abe Books.  Defendants Amazon.com, Amazon.fr,

6 Amazon.co.uk, and Waldenbooks.com filed a motion to dismiss.  By order filed April 20, 2006,

7 defendants' motion was granted, and plaintiffs' complaint was dismissed with leave to amend.

8       On May 8, 2006, plaintiffs filed an amended complaint.  Defendants

9 Amazon.com, Amazon.fr, Amazon.co.uk, and Waldenbooks.com filed an answer on May 26,

10 2006.  A pretrial scheduling order was filed on July 6, 2006.  Discovery closed on February 16,

11 2007, and the time for hearing pretrial motions expired when the parties' pending motions were

12 heard.  The matter is set for final pretrial conference on July 16, 2007, and jury trial on October

13 10, 2007, before the Honorable Garland E. Burrell, Jr.

14       STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

15       Summary judgment is appropriate when it is demonstrated that there exists no

16 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

17 of law. Fed. R. Civ. P. 56(c).  <u>See also</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970);

18 <u>Owen v. Local No. 169</u>, 971 F.2d 347, 355 (9th Cir. 1992).

19       A party moving for summary judgment always bears the initial
   responsibility of informing the district court of the basis for its
20       motion, and identifying those portions of "the pleadings,
   depositions, answers to interrogatories, and admissions on file,
21       together with the affidavits, if any," which it believes demonstrate
   the absence of a genuine issue of material fact.

22

23 <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

24       "[W]here the nonmoving party will bear the burden of proof at trial on a

25 dispositive issue, a summary judgment motion may properly be made in reliance solely on the

26 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  <u>Celotex Corp.</u>, 477

U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

DISCUSSION

Defendants seek summary judgment dismissing all of plaintiffs' claims with prejudice. Defendants statement of 36 undisputed facts is supported by two declarations with exhibits. The Declaration of Adrian Garver, an employee of Amazon.com who works in the company's legal department, includes a copy of the company's participation agreement with persons who access the Amazon.com website and use the company's auction and selling

1   services.  The Declaration of Vanessa Soriano Power, defendants' counsel, authenticates the

2   following exhibits:  A and B, plaintiff Clark's responses to defendants' first request for

3   admission, first set of interrogatories and request for production of documents, set one; C and D,

4   plaintiff Clark's first set of interrogatories and responses by the Amazon companies and

5   Waldenbooks.com; E, an Amazon.com report showing three copies of Teenage Street Gangs sold

6   in 2005 and 2006; F, a document produced by plaintiff Clark in discovery, consisting of a copy of

7   a screen shot from Amazon.com showing a third-party merchant listing one used copy of

8   Teenage Street Gangs for sale in 2005; G, a screen shot of Amazon.com's offering of Teenage

9   Street Gangs; and H, copies produced by plaintiff Clark in discovery of letters sent to

10  Amazon.com Customer Service in 2005 and Amazon.com, Inc. in 2006.

11          Defendants contend that plaintiffs have offered no evidence that defendants

12  infringed, either directly or vicariously, on plaintiff Clark's copyright to the book Teenage Street

13  Gangs.  Defendants argue that plaintiff Clark believes that he alone has the right to sell and

14  distribute copies of his book when in fact he lost exclusive rights to sell and distribute at least

15  400 copies of his book when he sold them or gave them away to the public.  Defendants cite

16  evidence showing that Amazon.com and third-party sellers on the Amazon.com website have

17  sold a total of ten lawful copies of plaintiff Clark's book.

18          Defendants explain that plaintiffs cannot show direct copyright infringement

19  because such infringement requires (1) proof of the plaintiff's ownership of a valid copyright and

20  (2) proof that the defendants copied protectible expression or violated some other right of

21  copyright.  Defendants do not dispute plaintiff's ownership of a valid copyright but argue that

22  there is no evidence that they copied plaintiff's protected work.  Defendants cite the "first sale"

23  doctrine, codified in 17 U.S.C. § 109(a), under which the sale of a lawfully made copy of a book

24  terminates the copyright holder's authority to interfere with subsequent sales of a lawfully made

25  copy that was sold or given away by the copyright holder.  Thus, subsequent lawful purchasers

26  cannot be held liable for violating a copyright owner's exclusive distribution rights.  Citing

4

1   plaintiff's admission that he sold 187 copies of his book and gave away 234 copies to the public,

2   defendants argue that plaintiffs have no evidence that the copies of plaintiff Clark's book sold or

3   offered for sale by Amazon.com and by third parties on the Amazon.com website were anything

4   other than lawful copies sold or given away by plaintiff Clark.  Defendants argue further that

5   plaintiffs have no evidence that any third party merchant who offered plaintiff Clark's book for

6   sale on the Amazon.com website is liable for direct copyright and therefore plaintiffs cannot

7   prove vicarious copyright infringement on the part of defendants.

8          In addition, defendants contend that they are immune from liability under the safe

9   harbor provisions of the Digital Millennium Copyright Act because (1) they are internet service

10  providers, (2) they have adopted, communicated, and reasonably implemented a policy that

11  provides for termination of repeat infringers, and (3) they accommodate and do not interfere with

12  a copyright holder's ability to identify or protect its copyrighted works.  Defendants note that

13  plaintiffs have not alleged interference with plaintiff Clark's ability to identify or protect his

14  copyrighted book, and they assert that plaintiff Clark has no evidence that defendants had actual

15  knowledge that any material on its network is or was infringing his copyright.

16         The undersigned finds that defendants' contentions are supported by their

17  evidence.  Because defendants have met their initial responsibility as moving parties, the burden

18  shifts to plaintiffs to establish that a genuine issue as to any material fact actually does exist.

19  Plaintiffs did not file opposition to defendants' motion.  Nor did plaintiffs reproduce and either

20  admit or deny each of the undisputed facts set forth in defendants' statement of undisputed facts,

21  as required by Local Rule 56-260(b).

22         In plaintiffs' cross-motion for summary judgment, plaintiffs do not address

23  defendants' undisputed facts or defendants' legal arguments.  Plaintiffs' cross-motion is not

24  supported by a statement of undisputed facts, as required by Local Rule 56-260(a).  Plaintiffs

25  argue in conclusory fashion that defendants are liable for "contributory infringement" but cite no

26  evidence that defendants knew of infringement activity by third parties who sold copies of

1   plaintiff Clark's book on the Amazon.com website.  Plaintiffs argue that they did not enter into a

2   contract with defendants to sell copies of the book in question, but plaintiffs fail to present any

3   evidence suggesting that the copies offered for sale were not legally acquired copies, legally sold

4   pursuant to the "first sale" doctrine.[1]

5           Defendants oppose plaintiffs' cross-motion on the grounds that plaintiffs'

6   amended complaint does not allege a claim for contributory copyright infringement and that such

7   a claim would fail in the absence of evidence that defendants had knowledge of infringing

8   conduct by a third party and induced, caused, or contributed to the infringing conduct.

9           At oral argument, plaintiff Clark contended that he believed defendants have sold

10  thousands of copies of his book based upon rating numbers appearing on defendants' web sites.

11  Defendants' evidence concerning those rating numbers is as follows:  Amazon.com allows

12  purchasers to post ratings for each seller on its website in order to allow customers to assess the

13  seller; ratings typically relate to the quality of the product, the efficiency of the shipping, and the

14  overall satisfaction of the purchaser; the number of ratings is not an indicator of how many

15  copies of the listed item were sold by the seller; plaintiff Clark's belief that thousands of copies

16  of his book were sold is erroneously based on the number of ratings received by a seller for

17  numerous products over a period of time.  (Defs.' Mot. for Summ. J., Decl. of Adrian Garver ¶¶

18  11 & 12.)  In this regard, defendants point to a document produced by plaintiff Clark in

19  discovery.  The document shows an Amazon.com website page offering a used copy of plaintiff

20  Clark's book for sale by "quality7."  Rating information for this seller merely reflects 91 percent

21  positive ratings over the past twelve months, during which the seller received 23,083 ratings,

22  with lifetime ratings of 69,896.  (Id., Decl. of Vanessa Soriano Power, Ex. B, at 25.)  In short, the

23  evidence presented by defendants establishes that the rating numbers relied upon by plaintiff in

24

25          [1] Plaintiffs' cross-motion raises a discovery issue that should have been presented to the
    court prior to the close of discovery on February 16, 2007.  Plaintiffs' belated arguments on the
26  discovery issue will be disregarded.

1   making his claim, in fact do not reflect the number of copies sold of any particular work.  On this

2   record, plaintiffs have not demonstrated that thousands of copies of plaintiff Clark's book were

3   sold by defendants and third parties using defendants' website.

4          Plaintiff Clark also asserted at oral argument that defendants failed to stop third

5   party sellers from violating his copyright.  However, plaintiff Clark admitted in open court that

6   the warning letter he sent to Amazon.com prior to the filing of this lawsuit did not identify any

7   alleged violations by third party sellers and merely accused Amazon.com of infringing on his

8   copyright by selling his book.  (See Decl. of Vanessa Soriano Power, Ex. H.)

9          At plaintiff Clark's request, the undersigned granted plaintiffs a week to respond

10  to defendants' statement of undisputed facts.  Thereafter, plaintiff Clark filed a document with

11  the court in which he states that he accepts summary judgment for defendants and dismissal of

12  this action with prejudice.  In light of plaintiffs' failure of proof concerning the alleged copyright

13  infringements, defendants are entitled to judgment in their favor on all claims presented in this

14  action.

15          Accordingly, IT IS HEREBY RECOMMENDED that:

16          1.  Defendants' February 26, 2007 motion for summary judgment be granted;

17          2.  Plaintiffs' March 16, 2007 cross-motion for summary judgment be denied; and

18          3.  This action be dismissed with prejudice.

19          These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **ten** (10)

21  days after being served with these findings and recommendations, any party may file and serve

22  written objections with the court.  Such a document should be captioned "Objections to

23  Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and

24  served within **ten** (10) days after the objections are served.  The parties are advised that failure to

25  /////

26  /////

1  file objections within the specified time may, under certain circumstances, waive the right to

2  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: May 10, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:kw
   ddad1\orders.prose\clark2187.f&r.msj